## STATE vs. SAVVA LICHTER.

1. ASSAULT AND BATTERY—NATURE AND ELEMENTS OF OFFENSE—"AS-
SAULT"—"BATTERY."

An "assault" is an unlawful attempt to do violence to the person of
another, with the present means of carrying such attempt into effect; and, if
it is carried into effect, it becomes a "battery."

2. ASSAULT AND BATTERY—NATURE AND ELEMENTS OF OFFENSE—ASSAULT.

Unlawfully firing a pistol at another, while near enough to injure him, if
the bullet hits him, is an assault, though the bullet does not hit him.

3. CRIMINAL LAW—DEGREE OF PROOF—REASONABLE DOUBT.

In a prosecution for assault with intent to murder, the jury must be satis-
fied beyond a reasonable doubt of the commission of the assault and the intent
to murder.

4. HOMICIDE—"ASSAULT WITH INTENT TO MURDER"—ELEMENTS.

To constitute "assault with intent to murder," it must appear that, if
the unlawful attempt to do violence had been accomplished and the assaulted
person had died, accused would have been guilty of murder.

5. HOMICIDE—ELEMENTS—MALICE—"MURDER."

An essential requisite of "murder" is malice; and, if one person kills
another maliciously, he commits murder.

6. HOMICIDE—ASSAULT WITH INTENT TO MURDER—MALICE.

To constitute assault with intent to murder, the assault must be com-
mitted maliciously.

7. HOMICIDE—ASSAULT WITH INTENT TO MURDER—"MALICE."

The "malice" essential to an assault with intent to murder is a condition
of the mind and heart; and when an unlawful act is done cruelly, spitefully,
revengefully or with a heart fatally bent on mischief and in utter disregard of
human life, it is committed with malice.

8. HOMICIDE—PRESUMPTIONS—MALICE.

A killing with a deadly weapon is presumed to have been done with
malice, in the absence of evidence to the contrary.

9. HOMICIDE—ASSAULT WITH INTENT TO MURDER—SUFFICIENCY OF CIR-
CUMSTANTIAL EVIDENCE.

In a prosecution for assault with intent to murder, the intent must be
proved as fully and convincingly as any other essential element; but, as it
cannot ordinarily be proved by direct evidence, it must ordinarily be proved,
if proved at all, by circumstantial evidence, such as the character of the
assault, the kind of weapon used, the danger of producing death, and any
other acts which show the condition of the assailant's mind at the time of the
alleged crime.

(*October* 5, 1917.)

HEISEL, J., sitting.

*Percy Warren Green*, Deputy Attorney General, for the state.

*Harry P. Joslyn* for defendant.

Court of General Sessions, New Castle County, September Term, 1917.

INDICTMENT No. 160, September Term, 1917.

Savva Lichter was indicted for an assault upon John M. Dobrosielskie with intent to commit murder. Verdict, guilty of assault.

It was shown by the evidence that the accused, while standing within a few feet of Dobrosielskie, fired a revolver at the latter, failing, however, to hit him.

The defense relied on was one of mistaken identity.

HEISEL, J., charging the jury, in part:

[1, 2] An assault is an unlawful attempt to do violence to the person of another, with the present means of carrying such attempt into effect. If it is carried into effect, it then becomes not only an assault, but also a battery. If a person unlawfully fires a pistol at another while near enough to him for the bullet from the pistol to do injury to him, should the bullet hit him, even though it does not hit him, that is an assault.

[3, 4] In this case the charge is not only an assault but also an intent to murder. In order to convict the accused as indicted, you must be satisfied beyond a reasonable doubt: (1) That the alleged assault was committed by the accused; (2) that it was committed by him with the intent to murder Dobrosielskie; that is, if the unlawful attempt to do violence to Dobrosielskie had been accomplished, and Dobrosielskie had died from the effects of the injury so inflicted,the accused would have been guilty of murder.

In order to explain the last requirement it is necessary to tell you briefly what would constitute the crime of murder.

Charge.

We think, however, it might confuse rather than help you if we should undertake to define the different kinds of felonious homicide, and degrees of murder.

[5, 6] It is only necessary in a case of this kind, where the accused is charged, not with murder, but only with the intent to murder, to instruct the jury that an essential requisite of murder is malice, and if one person kills another maliciously he commits murder. Therefore, in order to show that a person assaulted another with intent to murder him the state must prove that the assault was committed maliciously.

[7, 8] In this case the party assaulted did not die, and you are therefore not trying the accused for murder but for an assault with intent to murder. In order to convict the accused of this charge, you must be satisfied, not only that he intended to kill the person assaulted but that he did it with malice in his heart. It is not easy to define just what the law means by malice. You know in a general way what is meant when an act is said to have been done maliciously. It denotes a condition of the mind and heart at the time of the commission of the act. It may be sufficient for the purposes of this case to say, that when an unlawful act is done cruelly, spitefully or revengefully it is done maliciously. If an act is committed by a person with a heart fatally bent on mischief and in utter disregard of human life it is committed with malice. If the killing is done with a deadly weapon, it is presumed to have been done with malice, in the absence of evidence to the contrary.

You perceive from what we have said, that before you can convict the accused in manner and form as he stands indicted you must be satisfied that he committed the assault with the intent to kill and that he did it maliciously.

[9] We have endeavored to tell you in simple language what is meant by malice. It is not necessary to tell you what is meant by the expression "intent to murder." It means of course just what the language imports, and you understand that as well as we do. We do say that the intent to murder must be proved as

fully and convincingly as any other essential element of the charge. But, inasmuch as such intent cannot ordinarily be proved by direct evidence, such as the confession or declaration of the accused, it must ordinarily be proved, if proved at all, by indirect or circumstantial evidence. It is, therefore, the duty of the jury to carefully consider all the facts and circumstances proved in the case in order to determine whether such intent existed or not. For this purpose the jury may consider the character of the assault, the kind of weapon used, the danger of producing death, and any other acts which show the condition of the assailant's mind at the time the alleged crime was committed. * * *

In this case you may give any one of three verdicts. If you are not satisfied from the evidence that the accused committed an assault upon Dobrosielskie, your verdict should be not guilty. If you believe he did commit the assault, but are not satisfied that he committed it with an intent to murder, your verdict should be guilty of assault only, but if you are satisfied that the assault was committed by the accused maliciously, that is, with an intent to murder, your verdict should be guilty in manner and form as he stands indicted.

Verdict, guilty of assault.